[Cite as *Rimmer v. Citifinancial, Inc.*, 2018-Ohio-2845.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106337**

**KAREN RIMMER, ET AL.**

PLAINTIFFS-APPELLANTS

vs.

**CITIFINANCIAL, INC.**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-05-564493

**BEFORE:** E.T. Gallagher, P.J., Laster Mays, J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 19, 2018

**ATTORNEYS FOR APPELLANTS**

Brian Ruschel
1127 Euclid Avenue, Apt. 826
Cleveland, Ohio 44115

Patrick J. Perotti
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077

**ATTORNEYS FOR APPELLEE**

Kip T. Bollin
Mark R. Butscha, Jr.
James L. Defeo
Stacey A. Greenwell
Thompson Hine, L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

EILEEN T. GALLAGHER, P.J.:

{¶1} Proposed intervenors-appellants, Ruth Brown, Herman Holden, Jacqueline Rainge, and Martha Tubbs (collectively "appellants"), appeal from the trial court's denial of their separate motions to intervene in a class action lawsuit filed against defendant-appellee, Citifinancial, Inc, ("Citi"), in Cuyahoga C.P. No. CV-05-564493. Appellants raise the following assignments of error for review:

> 1. The trial court erred in denying the named plaintiff and four proposed intervenors' motions for the four intervenors to intervene in this lawsuit to protect their interests.
>
> 2. The trial court erred in omitting the four moving intervenors from the class, providing notice and recovery to a group smaller than the certified class, and giving no explanation or reasoning for that ruling excluding the proposed intervenors, and others.

{¶2} After careful consideration, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶3} The facts of the underlying class-action case are as follows:

[In April 2000], Karen Rimmer executed a note and security agreement with Bank of Yorba Linda for $5,000. Her loan was subsequently assigned to Associates Financial Services, Inc. which was merged with Citi several months later, and Citi became the holder of Rimmer's mortgage. On April 10, 2001, Rimmer paid off her loan in full. On August 16, 2001, the satisfaction of the subject mortgage was recorded with the Cuyahoga County Recorder.

[On June 6, 2005], Rimmer filed a class action complaint against Citi, alleging Citi failed to file an entry of satisfaction of mortgage with the county recorder within 90 days of full payment of the mortgage, in violation of R.C. 5301.36. Rimmer sought automatic damages ($250), interest, and costs as allowed under R.C. 5301.36(C).

On January 25, 2006, Rimmer filed a motion for class certification seeking to represent a class of all persons who, from March 8, 1999, paid residential mortgages in full but for whom Citi did not file an entry of satisfaction of mortgage with the county recorder within 90 days of loan payoff.

*Rimmer v. Citifinancial*, 8th Dist. Cuyahoga No. 99760, 2013-Ohio-5732, ¶ 4-6.

**{¶4}** Following several appeals concerning the appropriateness of class certification and the scope of the defined class,[1] the class was defined by the trial court on January 21, 2015, as follows:

All persons who, from March 8, 1999 entered into a residential mortgage agreement (as defined by R.C. 5301.36) with Citifinancial, Inc. (or any predecessor or other entity acquired or merged with, or otherwise now part of Citifinancial, Inc., including any affiliates, subsidiaries, and/or related lending institutions) *without entering into an arbitration provision agreement with Citifinancial, Inc. relating to disputes arising out of said mortgage agreement*, and thereafter satisfied their obligation where Citifinancial, Inc. (or any predecessor or other entity acquired or merged with, or otherwise now part of Citifinancial, Inc., including any affiliates, subsidiaries, and/or related lending institutions) was the mortgagee at the time of satisfaction, and, for each such satisfied mortgage, Citifinancial, Inc. did not record the fact of the satisfaction in the appropriate county recorder's office and pay fees required for the recording within 90 days from the date of satisfaction.

(Emphasis added.)

**{¶5}** After the class was certified, the trial court ordered Citi to identify the class members fitting within the class definition. Accordingly, Citi hired a title company to identify potential class members by searching various county recorders' offices throughout the state of Ohio. On April 14, 2016, Citi presented the results of the title company's search to Rimmer and the trial court. Ultimately, 275 class members were identified.

---

[1] *See Rimmer v. Citifinancial,* 8th Dist. Cuyahoga No. 89407, 2008-Ohio-1814; *Rimmer*, 8th Dist. Cuyahoga No. 99760, 2013-Ohio-5732; *Rimmer v. Citifinancial, Inc.*, 8th Dist. Cuyahoga No. 101254, 2014-Ohio-5287.

{¶6} On May 31, 2016, Rimmer filed a "motion for discovery about class identification and exclusions." Relevant to appellants' interest in this case, Rimmer argued that further discovery was required to identify "who is in and who is excluded from the class once it [was] finally certified." Citi opposed the motion, arguing that Rimmer "already had ample opportunity to engage in and conduct discovery," and "allowing additional, repetitive discovery would only result in further delay and dramatically drive up the costs of litigation." The trial court denied Rimmer's motion for additional discovery on July 15, 2016, stating, in relevant part:

> Plaintiff now brings this Motion for Discovery about Class Identification and Exclusions 11 years after the filing of the complaint and 10 years after the issue of arbitration clauses first arose. It is undisputed that Defendant complied with all prior discovery requests and made available for inspection all possible relevant mortgagor files. Plaintiff had ample opportunity to search all of Defendant's records in this matter throughout the pendency of the case. Also the issue of arbitration clauses arose in 2006, and was determined in 2009. Consequently, Plaintiff's Motion for Discovery about Class Identification and Exclusions, is hereby denied.

{¶7} On August 12, 2016, the trial court accepted Citi's proposed form of class notice, and with the court's approval, Citi mailed the class notice to the 275 identified class members on October 12, 2016. None of the 275 class members requested to be excluded from the class.

{¶8} On December 29, 2016, Rimmer filed a "motion to expand the class notice and require production of records justifying Defendant's exclusion of persons from the certified class and notice." The motion alleged that Citi's class notice, "did not give notice to persons who are entitled under law to notice." Specifically, Rimmer argued that potential class members, such as the appellants, were excluded from the class notice because Citi "did not provide signed arbitration agreements for persons it excluded from the class and from notice." Rimmer "requested that notice be issued to all persons meeting the class definition for whom Citi did not

provide a signed arbitration agreement." In support of the motion, Rimmer submitted affidavits obtained from each appellant.

{¶9} In the sworn affidavits, appellants each averred that (1) they entered into a residential mortgage with Citi, (2), they satisfied their obligation under the mortgage, (3) the satisfaction of their mortgage was not recorded until more than 90 days after the payoff, (4) they are entitled to recover $250 in statutory damages against Citi and wish to do so as a class member, and (5) they have no record or memory of signing an arbitration provision, agreement, clause or waiver against bringing a claim relating to any dispute arising out of the mortgage agreement.

{¶10} On January 18, 2017, the trial court denied Rimmer's motion to expand the class notice.

{¶11} On May 25, 2017, Citi submitted a stipulation of judgment, wherein it identified the 275 class members and conceded that it is liable to each class member in the amount of $250, for a total judgment of $68,750.

{¶12} On June 15, 2017, the trial court entered judgment in favor of Rimmer and the 275 class members in the amount of $68,750. The court ordered that the class members be put on notice of the judgment and "given until November 2, 2017, to object to the court's award of attorney fees in favor of counsel for the class."

{¶13} On July 6, 2017, appellants separately filed identical motions to intervene in the class action pursuant to Civ.R. 24(A)(2). Appellants argued, in relevant part:

> Intervention is necessary because [they have] an interest relating to the transactions which are the subject matter of this lawsuit and [are] situated in a way that the disposition of this action will as a practical matter impair and impede [their] ability to protect that interest, especially because [their] interest is not adequately represented by existing parties. Intervention is also proper because

[their] claim in this matter (recovery under R.C. 5301.36 for a release not timely filed as required by that statute) is the same matter being determined in this underlying action.

{¶14} On September 29, 2017, the trial court denied appellants' motion to intervene.

{¶15} Appellants now appeal from the trial court's judgment.

## II. Law and Analysis

{¶16} In their first and second assignments of error, appellants collectively argue the trial court committed reversible error by denying their motions to intervene without explanation.[2] Appellants contend they were entitled to intervention as of right pursuant to Civ.R. 24(A)(2) because their residential mortgage agreements with Citi during the relevant time period did not include an arbitration provision agreement. Thus, appellants submit that they are members of the certified class and, therefore, the trial court's judgment denied them "notice and the relief given by the trial court to the certified class."

{¶17} On appeal, appellants initially take exception with the trial court's failure to provide an explanation for its judgment. Appellants ask this court to reverse and remand this matter "for the trial court to either grant the motions, or issue a thorough analysis showing that it considered the relevant factors and explain why it is denying [the motions to intervene]." Appellants' position relies on the Fourth District Court of Appeals decision in *In re Estate of McMullen*, 4th Dist. Lawrence No. 00CA27, 2001 Ohio App. LEXIS 3449 (Aug. 2, 2001). In *McMullen*, the court reversed the trial court's judgment denying a motion to intervene as of right, stating, in relevant part:

---

[2] Appellants' appeal is limited to the trial court's judgment denying their motions to intervene. Accordingly, we disregard any arguments raised in the appellants brief that challenge the trial court's judgment relating to separate orders, including issues concerning the scope of discovery and the adequacy of the class notice.

The trial court in this case dismissed appellant's motion to intervene in a two-sentence entry. The trial court did not include any rationale or discussion of the elements that must be established for intervention under Civ.R. 24(A)(2). As a general rule, Ohio appellate courts will assume the trial court considered relevant factors, unless findings are specifically mandated by the rule or statute at issue. We concede that the rule itself does not contain a mandate to make specific findings when deciding a motion to intervene. However, in light of the fact that the trial court is not given unfettered discretion to deny intervention as of right pursuant to Civ.R. 24(A)(2), we believe that the trial court should have stated its rationale for denying [appellant]'s intervention. Without some indication of what factors the trial court considered and the rationale for its decision, we are left to speculate why the court reached this decision. We believe that given the limited discretion to deny a motion to intervene as of right, the trial court should provide some indication that it adequately considered [appellant]'s intervention motion, not just summarily dismissed it. In other words, without some analysis from the trial court, we are unable to provide effective appellate review. (Citations omitted.)

Therefore, we reverse and remand with instructions to the trial court to prepare a revised entry that will allow effective appellate review of its decision in light of the requirements of Civ.R. 24(A).

*Id.* at 5-6.

**{¶18}** After careful consideration, we decline to adopt the reasoning set forth by the Fourth District in *McMullen*. As the court noted, Civ.R. 24 does not require the trial court to make findings of fact or conclusions of law. In the absence of such language, we presume the trial court issued its judgment upon thorough consideration of Civ.R. 24 and the relevant facts supporting the appellants' motions to intervene. Thus, we will not reverse the denial of a motion to intervene merely because the court did not provide a basis for its judgment. *See Likover v. Cleveland*, 60 Ohio App.2d 154, 396 N.E.2d 491 (8th Dist.1978) (holding the trial court did not err in failing to supplement the denial of a motion to intervene with a written opinion). Accordingly, we turn to the merits of the underlying motions to intervene.

**{¶19}** While a motion to intervene should be liberally construed, the standard of review of a ruling on a motion to intervene, whether as of right or by permission, is whether the trial

court abused its discretion. *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935 ¶ 41; *Grogan v. T.W. Grogan Co.*, 143 Ohio App.3d 548, 560, 758 N.E.2d 702 (8th Dist.2001), citing *Peterman v. Pataskala*, 122 Ohio App.3d 758, 761, 702 N.E.2d 965 (5th Dist.1997); *Brady v. Benzig*, 8th Dist. Cuyahoga No. 81894, 2003-Ohio-3354, ¶ 5 (on review of intervention of right).

**{¶20}** Intervention, whether permissive or as a matter of right, is specifically provided for in the Ohio Rules of Civil Procedure. Civ.R. 24 delineates the requirements an intervenor must satisfy to prevail on such a motion. In this case, appellants' motions to intervene set forth alternative arguments for intervention of right and permissive intervention.

**{¶21}** Civ.R. 24(A) pertains to intervention of right and states, in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

**{¶22}** A party seeking intervention of right must show (1) the application is timely, (2) the intervenor claims an interest relating to the subject of the action, (3) the intervenor is so situated that the disposition of the action may as a practical matter impair or impede his or her ability to protect that interest, and (4) the existing parties do not adequately represent his interest. *Yidi, L.L.C. v. JHB Hotel, L.L.C.*, 8th Dist. Cuyahoga No. 104907, 2017-Ohio-1374, ¶ 16, citing *Grogan,* 143 Ohio App.3d at 560, 758 N.E.2d 702; *Widder & Widder v. Kutnick*, 113 Ohio App.3d 616, 624, 681 N.E.2d 977 (8th Dist.1996).

**{¶23}** "Failure to meet any one of the elements in Civ.R. 24(A) will result in denial of the right to intervene." *Fairview Gen. Hosp. v. Fletcher*, 69 Ohio App.3d 827, 831, 591 N.E.2d

1312 (10th Dist.1990). Civ.R. 24(A) is to be liberally construed in favor of intervention, but the putative intervenor still bears the burden of establishing each of the elements to intervene. *Grover Court Condo. Unit Owners' Assn. v. Hartman*, 8th Dist. Cuyahoga No. 94910, 2011-Ohio-218, ¶ 14.

{¶24} Civ.R. 24(B) outlines the requirements for permissive intervention and states, in relevant part:

> Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

{¶25} Regardless of whether a party pursues intervention as of right under Civ.R. 24(A) or permissive intervention under Civ.R. 24(B), a "timely application" by a prospective intervenor is required. The issue of timely application provided for in Civ.R. 24(A) and (B) is a matter to be determined within the trial court's discretion. *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503, 696 N.E.2d 1058 (1998).

{¶26} Whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case. *Id*. The factors to be considered in determining the timeliness of a motion to intervene include (1) the point to which the suit had progressed, (2) the purpose for which intervention is sought, (3) the length of time before the application was filed during which the applicant knew or should have known of the pending suit, (4) the prejudice to the original parties caused by the intervenor's failure to promptly apply for intervention, and (5) the existence of unusual circumstances militating against or in favor of intervention. *Id*.

{¶27} "Intervention after final judgment has been entered is unusual and ordinarily will not be granted." *Meagher*, 82 Ohio St.3d at 504, 696 N.E.2d 1058. However, intervention

after final judgment may be allowed when the intervenor has no other alternative remedy and intervention is the only way to protect the intervenor's rights. *See Owens v. Wright*, 8th Dist. Cuyahoga No. 64031, 1993 Ohio App. LEXIS 832 (Feb. 18, 1993); *Likover*, 60 Ohio App.2d at159, 396 N.E.2d 491. Ultimately, the determination of whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case. *Meagher* at 503.

{¶28} In this case, the class definition was certified on January 21, 2015, and notice of the class was sent to 275 identified class members on October 12, 2016. Following the class certification, the trial court denied several motions relating to the appellants' interests, including Rimmer's motion for additional discovery and her motion to expand the class notice. On June 15, 2017, the trial court entered judgment in favor of 275 class members and against Citi in the amount of $250 per class member, including an award of attorney fees to plaintiff's counsel.[3] The motions to intervene, however, were not filed until July 5, 2017, approximately three weeks after the judgment was entered against Citi, nearly seven months after the trial court denied Rimmer's request to expand the class notice to include individuals in the appellants' position, and over eight months after each appellant purportedly became aware of their claims against Citi for statutory damages under R.C. 5301.36(C).[4]

{¶29} After careful consideration, we find the inconvenience and delay that would have been occasioned if the motions to intervene had been granted would have been extensive. Appellants correctly state that Civ.R. 24 only required them to claim an interest relating to the

---

[3] We note that the trial court's July 15, 2016 and January 18, 2017 judgments are not the subject of this appeal. In August 2017, this court found Rimmer's appeal from the trial court's judgment, including the July 15, 2016, January 18, 2017, and June 15, 2017 judgment entries, were not final and appealable orders because issues concerning attorney fees are still pending. Matters concerning the merits of the underlying class action have yet to be resolved by this court and resolution of this appeal shall not be interpreted as a determination of the issues addressed in the foregoing orders.

[4] Each of the sworn affidavits were signed in November 2016.

property or transaction that is the subject of the action, or identify a claim or defense that share a common issue of law or fact with the main action. Civ.R. 24(A)(2) and (B)(2). However, had intervention been permitted in this case, the trial court would have been required to make additional evidentiary determinations concerning the merits of appellants' claims, including whether they agreed to an arbitration provision with Citi at the time they entered into their residential mortgage agreement. As demonstrated in the parties' appellate briefs, this is a highly contested issue of fact that has yet to be resolved. Thus, appellants' motion to intervene, and the attached pleadings would have interjected a number of new issues and required further discovery and motion practice. Collectively, appellants' late intervention would have caused significant costs and considerable delay in the proceedings between the existing parties. *See Krancevic v. McPherson*, 8th Dist. Cuyahoga No. 84511, 2004-Ohio-6915.

{¶30} Moreover, appellants have not set forth a reasonable explanation for their decision to wait until after a final judgment was rendered in the class action to file their motions to intervene. Under these circumstances, it appears the motions to intervene, which were filed on the appellants' behalf by counsel for the class, may have been motivated by counsel's strategic attempt to relitigate the unsuccessful challenges to the trial court's prior discovery orders.

{¶31} Based on the foregoing, we find the motions to intervene were untimely. Consequently, the trial court did not abuse its discretion in denying appellants' separate motions to intervene. We note that future challenges to the trial court's underlying judgments, including discovery orders and the scope of the class notice, may implicate the appellants. Those judgments will be appealable once issues involving attorney fees for plaintiff's counsel are resolved below.

{¶32} Appellants' first and second assignments of error are overruled.

**{¶33}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LARRY A. JONES, SR., J., CONCUR