[Cite as *Berdysz v. Boyas Excavating, Inc.*, 2017-Ohio-530.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104001**

## JOHN C. BERDYSZ, ET AL.

PLAINTIFFS-APPELLEES

vs.

## BOYAS EXCAVATING, INC., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-826410

**BEFORE:** Jones, P.J., E.T. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 16, 2017

**ATTORNEYS FOR APPELLANT**

Timothy J. Riley
Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103

Matthew B. Barbara
Gregory G. Guice
Holly M. Wilson
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEES**

**For Boyas Excavating, Inc.**

Timothy J. Weyls
Weyls, Peters & Chuparkoff, L.L.C.
6505 Rockside Road, Suite 105
Independence, Ohio 44131

**For John C. Berdysz**

Edward W. Cochran
Cochran & Cochran
20030 Marchmont Road
Shaker Heights, Ohio 44122

Thomas J. Connick
Connick Law, L.L.C.
25550 Chagrin Boulevard, Suite 101
Beachwood, Ohio 44122

David Mullen
Weltman Weinberg & Reis Co., L.P.A.
323 West Lakeside Avenue, 2nd Floor
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, the city of Garfield Heights ("Garfield Heights"), appeals from the trial court's December 2015 judgment granting the plaintiffs-appellees' motion to certify this case as a class action. We affirm.

**Procedural History and Facts**

{¶2} The plaintiffs-appellees in this action are John Berdysz, Colette Berdysz, John Drab, Marianne Eckhoff, Patricia Masa, Alberta Krupp, and Kathleen Tucciarelli. They are all residents of Garfield Heights and the gravamen of their complaint is that noxious odors in their neighborhood affected the use and enjoyment of their properties.

{¶3} In addition to Garfield Heights, numerous other defendants were named in the suit. The plaintiffs' claims against the defendants revolve around the development of property in Garfield Heights that previously was the site of two landfills from the 1960s through the 1980s. In 2002, the waste materials on the property were disturbed as developers explored ideas for using the property. In 2005, the property was developed into the City View Center shopping center ("the City View property").

{¶4} Residents in the neighborhood immediately surrounding the City View property complained of odors, and as a result, the Ohio Environmental Protection Agency ("EPA") issued orders in March 2005 obligating Garfield Heights to take actions necessary for full compliance with environmental regulations. As of November 2014, most of the tenants in the shopping center had vacated; for example, Walmart closed in

2009 because of "landfill gas intrusion."

{¶5} The plaintiffs originally filed suit in 2009; there were over 85 named plaintiffs in the action. *See Baczowksi v. Boyas Excavating, Inc.*, Cuyahoga C.P. No. CV-09-712005. By 2013, only two plaintiffs remained in the action, and they voluntarily dismissed the case. The action was refiled in 2014 and is the case at hand. Five plaintiffs filed the action, and an amended complaint was filed adding two more plaintiffs.

{¶6} The plaintiffs filed a motion to certify the case as a class action, and the trial court held a hearing on the motion. The issue was also extensively briefed by the parties. At the time of the hearing, all of the defendants except Garfield Heights were in settlement negotiations with the plaintiffs, and the city therefore was the only defendant who argued against class-action certification.

{¶7} The neighborhood that the plaintiffs sought to be included in the class was the neighborhood immediately surrounding the City View property, and was defined as follows:

> the intersection of Transportation Boulevard and Antenucci Boulevard as the northwest point to the intersection of Antenucci Boulevard and Turney Road as the northeast point, south down the center line of Turney Road, and bounded on the south by the full length of Maple Leaf Drive.

{¶8} Further, the borders were defined as follows:

> (1) to the west, the City View property itself; (2) to the north, an east-west section of Interstate 480, bounded by hills and barrier and walls; (3) to the west, Turney Road, a major north-south thoroughfare; and (4) to the south, an area of land, south of Maple Leaf Drive.

{¶9} As to the members of the class, the plaintiffs sought to have it include "all

persons and entities (including trustees) that own or reside in a home within the class area which home was purchased by the class member prior to December 31, 2002." There were approximately 220 homes in the proposed class area that were purchased prior to December 31, 2002. The plaintiffs presented a list of the homeowners to the trial court.

{¶10} The plaintiffs also submitted an expert's report from Golder Associates ("Golder") for the trial court's consideration. The report indicates that a

> primary source of odors from the [landfill] facility is likely from the direct discharge of collected gas from the blower units located near the fuel station, the unfinished building in the northwest corner of the site and the blowers used to extract and vent gas from beneath the shopping center buildings.

The report further indicates that "[w]ind direction information * * * indicates a normal southwesterly wind that would potentially carry odors from these discharge locations towards the residences located northeast of the property," and that the "landfill odors would be expected to constitute a nuisance to the surrounding area and the homeowners."

{¶11} Additionally, the plaintiffs submitted the affidavit of Craig Cantrell, a licensed Ohio real estate agent and broker and owner of Chestnut Hill Realty. For the purpose of the averments in his affidavit, Cantrell assumed the plaintiffs' claim of noxious odors in their proposed class area to be true. Cantrell averred as follows:

> If in a residential neighborhood, there are noxious odors which have continued for a long period of time, a reasonable buyer will be willing to pay only a diminished price. Consequently, it is my opinion, to a reasonable degree of certainty, that the homes in the "class area" can be sold by a reasonable seller to a reasonable buyer only at a price of 30-35% below what these homes would sell for in the open market if there were no noxious odors; and that diminution in price will apply to the entire class area.

{¶12} The plaintiffs also submitted the affidavit of Lance Traves ("Traves"), an

expert on prevailing winds and odor migration. Traves averred that "because the class area is so small and in such close proximity to the subject landfill, the odors emitted from the landfill that are subject to the prevailing winds would be expected to be distributed over the entire class area and detectable to all those in the class area."

{¶13} Another expert report, prepared by GC Environmental, Inc. ("GCE"), was submitted by the city for the trial court's consideration. In its report, GCE contradicted the findings of Golder, the plaintiffs' expert, and found any odors on the City View property to be "de minimis," did not detect any odors in the proposed class area, and concluded that it is "unreasonable to suggest that landfill gas would have been able to migrate to the [class] neighborhood."

{¶14} At the hearing, testimony was taken from one of the plaintiffs' attorneys about how he determined the potential class members. Further, one of the plaintiffs and class representatives, Kathleen Tucciarelli, testified about her experience living in the neighborhood with the alleged noxious odors. After the hearing, the trial court granted the plaintiffs' motion and issued findings of fact and conclusions of law.

{¶15} Garfield Heights now presents the following sole assignment of error for our review: "The trial court committed reversible error in certifying a class where the plaintiffs failed to satisfy both the explicit and implicit requirements of Civ.R. 23."

**Law and Analysis**

{¶16} Generally, litigation is conducted by and on behalf of only the individually named parties; a class action is an exception to the rule. *Felix v. Ganley Chevrolet, Inc.*,

145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, ¶ 25.    To fall within the exception, the party bringing the class action must affirmatively demonstrate, by a preponderance of the evidence, that each requirement of Civ.R. 23 has been satisfied. *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, paragraph three of the syllabus.

{¶17} A trial court must conduct a "rigorous analysis" when determining whether to certify a class, and may grant certification only after resolving all relevant factual disputes and finding that sufficient evidence proves that all of the requirements have been satisfied. *Id.* at paragraph one of the syllabus.    In resolving a factual dispute, a court may examine the underlying merits of the claim as part of its rigorous analysis, but only to the extent necessary to determine whether the requirements of the rule are satisfied.    *Id.* at paragraph two of the syllabus.

{¶18} The trial court has broad discretion in determining whether to certify a class action, and that decision will not be disturbed on appeal absent an abuse of discretion. *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998).

**Civ.R. 23**

{¶19} Civ.R. 23(A) sets forth the requirements that must be satisfied before the trial court may certify a class action:    (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the

class.

**{¶20}** Further, Civ.R. 23(B) provides that a class action may be maintained if any of the following apply:

(1)  prosecuting separate actions by or against individual class members would create a risk of:

> (a)  inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

> (b)  adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; or

(2)  the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3)  the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:

> (a)  the class members' interests in individually controlling the prosecution or defense of separate actions;

> (b)  the extent and nature of any litigation concerning the controversy already begun by or against class members;

> (c)  the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

> (d)  the likely difficulties in managing a class action.

**{¶21}** Thus, to be eligible for class certification pursuant to Civ.R. 23, the plaintiffs

must establish the following seven prerequisites: (1) an identifiable and unambiguous class must exist; (2) the named representatives of the class must be class members; (3) the class must be so numerous that joinder of all members of the class is impractical; (4) there must be questions of law or fact that are common to the class; (5) the claims or defenses of the representative parties must be typical of the claims and defenses of the members of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three requirements of Civ.R. 23(B) must be satisfied. *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 125 Ohio St.3d 91, 2010-Ohio-1042, 926 N.E.2d 292, ¶ 6. The party seeking class certification bears the burden of demonstrating that the requirements of Civ.R. 23(A) and (B) are met. *Hoang v. E\*trade Group*, 151 Ohio App.3d 363, 2003-Ohio-301, 784 N.E.2d 151, ¶ 14 (8th Dist.).

**{¶22}** The trial court found that the plaintiffs met all the requirements under Civ.R. 23(A) for class certification and further found, under Civ.R. 23(B), that the "questions of law and/or fact common to the class predominate over any questions affecting only individual members" and that a class action is "superior to other available methods to fairly and efficiently adjudicate this controversy." For the reasons set forth below, the trial court's decision to certify the class was not an abuse of discretion.

**Identifiable Class with Named Representative Members of Class**

**{¶23}** As mentioned, the plaintiffs proposed that the class consist of "all persons and entities (including trustees) that own or reside in a home within the class which home was purchased by the class member prior to December 31, 2002." The class area was

defined as the

> intersection of Transportation Boulevard and Antenucci Boulevard as the northwest point to the intersection of Antenucci Boulevard and Turney Road as the northeast point, south down the center line of Turney Road, and bounded on the south by the full length of Maple Leaf Drive.

And the borders were delineated as the

> neighborhood immediately east of the City View property, with borders (1) to the west, the City View property itself, (2) to the north, an east-west section of Interstate 480, bounded by hills and barrier and walls, (3) to the west, Turney Road, a major north-south thoroughfare, and (4) to the south, an area of land, south of Maple Leaf Drive.

There were approximately 220 homes in the proposed class area that were purchased prior to December 31, 2002.

**{¶24}** Upon review, the plaintiffs' proposal was specific as to the people, time frame, and location, and was buttressed by the map of the area and the list of people in the area. Further, we are not persuaded by the city's contention that the proposed class was too ambiguous because not all the homeowners reside in the homes (i.e., they rent them out). The identities of the class members do not have to be specified in order to demonstrate that a class actually exits; rather, the class definition must be precise enough to "permit identification within reasonable effort." *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, 96, 521 N.E.2d 1091 (1988). The class definition here meets that requirement. Moreover, the trial court has determined that, because of the class-wide settlement with the other defendants in this matter, it will not have any administrative burden in determining whether any particular person is a member of the class. Further, there are named representatives of the class, a point not in contention.

**{¶25}** In light of the above, the trial court did not abuse its discretion by finding that an identifiable, unambiguous class with named representatives exists.

**Numerosity**

**{¶26}** In regard to the numerosity requirement, there is no specific number to meet the requirement and it must be decided on a case-by-case basis, but it has been noted that if a class has more than 40 people, the numerosity requirement has usually been satisfied. *Id.* at 97, citing Miller, *An Overview of Federal Class Actions: Past, Present and Future*, 22 (2 Ed.1977).

**{¶27}** Here, the plaintiffs presented evidence that there were over 200 residences in the proposed class area. Further, the plaintiffs' expert, Traves, averred in an affidavit that the odors emanating from the landfill area were subject to the prevailing winds and would have been distributed and detectable to the entire class area. On this record, the trial court did not abuse its discretion in finding that the numerosity requirement was met.

**Common Questions of Law or Fact**

**{¶28}** Civ.R. 23(A)(2) requires the presence of "questions of law or fact common to the class." Courts generally have given this requirement a permissive application. *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 202, 509 N.E.2d 1249 (1987). Thus, there need not be a complete identity of claims among all class members, but a plaintiff seeking class action certification must make some threshold showing of a "common nucleus of operative facts." *Miles v. N.J. Motors*, 32 Ohio App.2d 350, 356, 291 N.E.2d 758 (6th Dist.1972). In other words, common facts alone are not sufficient unless they have legal

significance.

> "If there is a common liability issue, [Fed. R. Civ. P.] 23(a)(2) is satisfied. Similarly if there is a common fact question relating to negligence, or the existence of a contract or its breach, or a practice of discrimination, or misrepresentation, or conspiracy, or pollution, or the existence of a particular course of conduct, the Rule is satisfied."

*Warner* at *id.*, quoting Miller, (2 Ed.1977) at 24.

**{¶29}** "Commonality may be found where the basis for liability is common to the proposed class or where a common factual question exists on issues of negligence, breach of contract, illegal practice, or other applicable causes of action[.]" (Citations omitted.) *Grant v. Becton Dickinson & Co.*, 10th Dist. Franklin No. 02AP-894, 2003-Ohio-2826, ¶ 36; *see also Hansen v. Landaker*, 10th Dist. Franklin Nos. 99AP-1191 and 99AP-1192, 2000 Ohio App. LEXIS 5674 (Dec. 7, 2000) (indicating that commonality requires a common issue of liability.)

**{¶30}** The city contends that individual differences in certain issues among the proposed class defeats the commonality requirement. We disagree. The balancing test of common and individual issues is qualitative, not quantitative. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir.1996). Thus, there need be only a single issue common to all members of the class, and the "'fact that questions peculiar to each individual member of the class member remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible.'" *Musial Offices, Ltd. v. Cty. of Cuyahoga*, 8th Dist. Cuyahoga No. 99781, 2014-Ohio-602, ¶ 32, quoting *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188,

1197 (6th Cir.1988).

{¶31} Upon review, the plaintiffs here alleged common questions of law and fact, and we are required to deem the allegations in their complaint as true. We therefore find that the trial court did not abuse its discretion in finding that they fulfilled the commonality requirement.

**Predominance/Superiority**

{¶32} In addition to finding that the class shares common questions of law and/or fact under Civ.R. 23(A), the trial court also found, as mentioned, that under Civ.R. 23(B), those common questions "predominate over any questions affecting individual members" and that a class action is "superior to other available methods to fairly and efficiently adjudicate this controversy."

{¶33} The predominance test is an attempt to achieve a balance between the value of allowing individual actions to be instituted so that each person can protect his or her own interest and the economy achievable by allowing a multiple party dispute to be resolved as a class action. *Schmidt v. Avco Corp.*, 15 Ohio App.3d 81, 87, 472 N.E.2d 721 (1st Dist.1984). For common questions of law or fact to predominate, "'it is not sufficient that such questions merely exist; rather, they must present a sufficient aspect of the case.'" *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 30, quoting *Marks,* 31 Ohio St.3d at 204, 509 N.E.2d 1249. They must also be capable of resolution for all members in a single adjudication. *Cullen* at *id.*

**{¶34}** Whether a class action is the superior method of adjudication requires a comparative evaluation of other available procedures to determine if the judicial time and energy involved would be justified. *State ex rel. Davis v. Pub. Emp. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 28. The necessity for a class action is a valid consideration for the trial court. *Id.* at ¶ 32-33. "[T]he 'need' for class action treatment * * * may be considered a vital, if not determinative, consideration as need inevitably relates to the problems of superiority, fairness, and efficiency." *Id.* at ¶ 32, quoting *Wilcox v. Commerce Bank of Kansas City*, 474 F.2d 336, 346 (10th Cir.1973).

**{¶35}** The trial court did not abuse its discretion by finding predominance and superiority. According to the city, this case is a "mass toxic tort case" and the plaintiffs cannot show that common questions predominate. The city cites *Sterling*, 855 F.2d 1188, in support of its contention. The plaintiffs in *Sterling* sought damages for personal injuries and property damage they suffered as a result of the defendant disposing of ultrahazardous chemicals at a landfill located near the plaintiffs' residences. The Sixth Circuit stated the following in addressing the issue of class certification:

> In complex, mass, toxic tort accidents, where no one set of operative facts establishes liability, no single proximate cause equally applies to each potential class member and each defendant, and individual issues outnumber common issues, the district court should properly question the appropriateness of a class action for resolving the controversy. However, where the defendant's liability can be determined on a class-wide basis because the cause of the disaster is a single course of conduct which is identical for each of the plaintiffs, a class action may be the best suited vehicle to resolve such a controversy.

*Id.* at 1197.

**{¶36}** In *affirming* the district court's certification of a class action, the Sixth Circuit reasoned as follows:

> In the instant case, each class member lived in the vicinity of the landfill and allegedly suffered damages as a result of ingesting or otherwise using the contaminated water. Almost identical evidence would be required to establish the level and duration of chemical contamination, the causal connection, if any, between the plaintiffs' consumption of the contaminated water and the type of injuries allegedly suffered, and the defendant's liability. The single major issue distinguishing the class members is the nature and amount of damages, if any, that each sustained. To this extent, a class action in the instant case avoided duplication of judicial effort and prevented separate actions from reaching inconsistent results with similar, if not identical, facts. The district court clearly did not abuse its discretion in certifying this action as a Rule 23(b)(3) class action. However, individual members of the class still will be required to submit evidence concerning their particularized damage claims in subsequent proceedings.

*Id.*

**{¶37}** Here, the plaintiffs allege that noxious odors emanating from the City View property have resulted in a nuisance that interferes with the peaceful and useful enjoyment of their properties, and has diminished the value of their properties. Further, the class area is relatively small and is well defined. Their claim applies equally to all the class members and is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Additionally, the trial court determined that, because it had already approved a class-wide settlement with the other defendants, it would not encounter any administrative burden in determining whether a particular person is a member of the class. The trial court did not abuse its discretion in its findings.

**Typical Claims or Defenses**

**{¶38}** According to the city, the plaintiffs failed to demonstrate typicality because their claims require proof of individualized causation. The typicality requirement equates to a finding that the "'named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class.'" *Musial Offices*, 8th Dist. Cuyahoga No. 99781, 2014-Ohio-602 at ¶ 24, quoting *Neal v. Casey*, 43 F.3d 48, 55 (3d Cir.1994). Thus, the "requirement for typicality is met where there is no express conflict between the class representatives and the class." *Hamilton*, 82 Ohio St.3d at 70, 694 N.E.2d 442.

**{¶39}** The plaintiffs here claim that the city created and failed to mitigate or abate the nuisance of the emission of noxious odors over the class area, thereby causing the plaintiffs' damages. The answer to this issue will resolve all of the plaintiffs' claims. Additionally, the city has raised defenses relating to the enforceability of federal court orders regarding the City View property. Resolution of the plaintiffs' claims and the city's defenses will apply equally to the class area. Thus, the plaintiffs' claims met the typicality requirement, and the trial court did not abuse its discretion in so finding.

**Representation**

**{¶40}** Finally, the trial court did not abuse its discretion by finding that the class will be fairly represented. The representative plaintiffs all own homes in the class area, and plaintiffs' counsel adequately identified and investigated the potential claims in this case. Further, counsel has experience in handling class actions and in the types of claims alleged here.

**Conclusion**

{¶41} After conducting a rigorous analysis, which included an evidentiary hearing, the trial court properly found that the plaintiffs met the requirements under Civ.R. 23 for class-action certification. The trial court, therefore, did not abuse its discretion in certifying this case as a class action. The city's assignment of error is overruled.

{¶42} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR