[Cite as *Tidewater Fin. Co. v. Smith*, 2020-Ohio-5042.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Tidewater Financial Company t/a
Tidewater Motor Credit and Tidewater
Credit Services

      Appellee

v.

Robert D. Smith

      Appellant

Court of Appeals No. L-19-1181

Trial Court No. CV-16-10786

**DECISION AND JUDGMENT**

Decided:  October 23, 2020

* * * * *

Suzana Krasnicki, for appellee.

Robert D. Smith, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Robert D. Smith, pro se, appeals the July 24, 2019

judgment of the Toledo Municipal Court, Housing Division, which found appellee

Tidewater Financial Company's objections to the magistrate's decision well-taken and reinstated appellant's wage garnishment. For the reasons that follow, we affirm.

{¶ 2} Appellee, Tidewater Financial Company (Tidewater), commenced this action on account on July 25, 2016, for sums owed by appellant on the December 12, 2012 contract for the purchase of a motor vehicle. The amount alleged to be owed was $7,658.58 plus 15.95 per cent interest per annum from May 23, 2016. The contract and repossession documents were attached to the complaint. On November 23, 2016, Tidewater was granted a default judgment. A wage garnishment notice was sent to appellant's employer; the monthly amount was subsequently reduced by half following a showing of financial hardship.

{¶ 3} The May 30, 2019 affidavit of the balance due on the garnishment order showed an outstanding balance of $2,288.42. Following a hearing at appellant's request on June 14, 2019, the magistrate ordered that the garnishment be released.

{¶ 4} On June 27, 2019, Tidewater filed objections to the magistrate's decision. Tidewater disputed the finding that the amount due on the garnishment order had been paid in full and attached supporting documentation. On July 24, 2019, the trial court reversed the magistrate's decision and reinstated the garnishment order. This appeal followed with appellant raising the following assignment of error:

> The trial court errored [sic] by not taking into account the total garnishment amount of Robert Smith's checks, from 2-17, until 2-19, with garnishments totaling over $9,000.00, which included interest.

2.

{¶ 5} In appellant's sole assignment of error, he argues that the court erred in reversing the magistrate's decision because the balance had been paid in full and his garnishment was properly released. Tidewater claims that appellant's calculations failed to factor the interest that was accruing even as the payments were being made.

{¶ 6} In accordance with Civ.R. 53, when reviewing objections to a magistrate's decision, the trial court must conduct an independent, de novo, review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *Perrucci v. Whittington*, 2018-Ohio-2968, 118 N.E.3d 311, ¶ 110 (2d Dist.). On appeal, we review the court's decision overruling or sustaining objections to the magistrate's decision for an abuse of discretion. *Thompson Thrift Constr. v. Lynn*, 2017-Ohio-530, 85 N.E.3d 249, ¶ 56 (5th Dist.). A court abuses its discretion where its judgment is arbitrary unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 7} Although sympathetic to appellant's financial circumstances, after consideration of the record we find that the materials presented to the court evidence that the parties agreed to an interest rate of 15.95 per cent per annum, and that the interest would continue to accrue at said rate until the balance was paid in full. Thus, the trial court did not abuse its discretion when it reinstated the wage garnishment order. Appellant's assignment of error is not well-taken.

**{¶ 8}** Accordingly, the July 24, 2019 judgment of the Toledo Municipal Court, Housing Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.