[Cite as *Chambers v. Farmers Ins. of Columbus, Inc.*, 2025-Ohio-5.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RYAN CHAMBERS,                                :

    Plaintiff-Appellee,                  :

                                  No. 113659

    v.                                   :

FARMERS INSURANCE OF                         :
COLUMBUS, INC.,
                                             :
    Defendant-Appellant.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN
PART, AND REMANDED
**RELEASED AND JOURNALIZED:**  January 2, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No.  CV-22-958771

---

### *Appearances:*

Shamis & Gentile and Andrew J. Shamis; Jacob L. Phillips, pro hac vice, *for appellee.*

Frantz Ward LLP, Jennifer E. Novak, and Gregory R. Farkas, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Farmers Insurance of Columbus ("Farmers"), appeals the trial court's decision granting class certification.  Upon careful review of the law and record, we affirm in part, reverse in part, and remand.   We reverse

solely for the trial court to modify the class definition to include only those insureds who Farmers determined have a total-loss claim.

**Procedural History and Facts**

{¶ 2} Our discussion is limited to the procedural history and facts relevant to this appeal.

{¶ 3} On January 26, 2022, plaintiff-appellee, Ryan Chambers ("Chambers"), individually and on behalf of all other similarly situated individuals, filed a complaint against Farmers, asserting a breach-of-contract claim. In his complaint, Chambers claimed that he was a named insured under an automobile policy ("Policy") issued by Farmers, his vehicle sustained loss or damage in August 2020 from an accident, and he filed a property damage claim with Farmers as a result. Farmers determined that Chambers' vehicle was a total loss. However, Farmers' payment of the claim did not include sales tax. Chambers asserted that Farmers was required to pay the applicable sales tax for a damaged or stolen vehicle as part of its loss payment under the Policy. Chambers claimed that nothing in the Policy unambiguously excluded sales tax or contradicted Farmers' promise to pay sales tax where it paid for a loss in money.

{¶ 4} Chambers further claimed that he was filing a class-action lawsuit because Farmers failed to pay sales taxes to all those in the class and thus breached its contract with all such class members. Chambers claimed that insureds, such as himself and the class, paid premiums in exchange for Farmers' promises under its automobile insurance policies and that Farmers failed to include sales tax when

making loss payments to the class in breach of its clear promises. Chambers alleged that the policies issued by Farmers to class members were virtually identical in all respects, stating that if an insured car sustains "'direct, sudden and accidental'" loss "'[Farmers] will pay the loss in money, or repair or replace damaged or stolen property.'" (Complaint, 01/26/22, quoting Exhibit A, Policy.) Farmers further promised in the policies that "[i]f we pay for loss in money, our payment will include, where required by law, the applicable sales tax and fees for the damaged or stolen property." *Id.*

{¶ 5} Chambers, who brought the action as a representative of the class pursuant to Civ.R. 23, then asserted the following class-related allegations. Chambers claimed that his Policy and the class members' policies, including comprehensive and collision coverage and the payment of loss sections, were materially identical and applied equally to them. Chambers asserted that there were numerous parties, making it impracticable to bring them all before the court, and estimated there were thousands of class members. Chambers alleged that a question of common interest existed as to the class members — namely, whether sales tax should be paid as part of a payment of loss under the Policy. Chambers claimed that he and his counsel had no conflicts adverse to those of the class and there were no other issues or facts that precluded class treatment or rendered it less than ideal.

{¶ 6} Chambers asserted that the case was ideally suitable for class treatment because this question of common interest was (a) a legal question of policy interpretation resolvable as a matter of law by the trial court, and (b) the trial court's

determination would resolve virtually the entirety of each member of the class claims. Chambers explained that if the trial court determined that a loss payment included sales tax, then every member of the class would be entitled to payment of sales tax and that the calculation of such damages would be a ministerial effort based on data and records kept as part of Farmers' normal business practices. Chambers claimed it would be a significant waste of judicial and party resources to file thousands of individual lawsuits merely to resolve the exact same question of policy interpretation and to do so would unnecessarily create the risk of inconsistent adjudications and conflict within and between courts. Chambers alleged that it was far more efficient and preferable to resolve the centrally dispositive question of policy interpretation for thousands of class members in a single case.

{¶ 7} On April 1, 2022, Farmers filed a Civ.R. 12(B)(6) motion to dismiss for failure to plead a legally cognizable claim for breach of contract. The motion was denied by the trial court, and Farmers filed an answer with 16 defenses.

{¶ 8} Upon completion of discovery, Chambers filed a motion for the trial court to certify the following class of individuals ("Class"):

> All Ohio insureds, under a policy issued by defendant Farmers Insurance of Columbus, Inc., covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who, within two years prior to the filing of this lawsuit through the date of the certification order, submitted a first-party property damage claim determined by Farmers to constitute a covered loss claim and where the loss claim payment did not include the full amount of State and local sales tax calculated on the vehicle's value.

(Motion for Class Certification, 03/24/23.)  The trial court granted Chambers' motion and wrote an eight-page order and opinion, which addressed the seven class-action requirements.  Farmers appealed, raising the following assignments of error for review.

## Assignment of Error No. 1

The trial court erred in granting [Chambers'] motion for class certification on the ground that the [C]lass is overly broad and unascertainable.

## Assignment of Error No. 2

The trial court erred in granting [Chambers'] motion for class certification on the ground that [Chambers] failed to satisfy the adequacy prerequisite under [Civ.R.] 23(A)(4).

## Assignment of Error No. 3

The trial court erred in granting [Chambers'] motion for class certification on the ground that [Chambers] failed to satisfy the typicality prerequisite under [Civ.R.] 23(A)(3).

## Assignment of Error No. 4

The trial court erred in granting [Chambers'] motion for class certification on the ground that [Chambers] failed to satisfy the commonality prerequisite under [Civ.R.] 23(A)(2).

## Assignment of Error No. 5

The trial court erred in granting [Chambers'] motion for class certification on the ground that [Chambers] failed to satisfy the numerosity prerequisite under [Civ.R.] 23(A)(1).

## Assignment of Error No. 6

The trial court erred in granting [Chambers'] motion for class certification on the ground that [Chambers] failed to establish that common issues predominate as required under [Civ.R.] 23(B)(3).

The trial court erred in granting [Chambers'] motion for class certification on the ground that [Chambers] failed to establish that a class action is a superior method for resolution of this matter as required under [Civ.R.] 23(B)(3).

## Law and Analysis

## Standard of Review

{¶ 9} The standard of review for a trial court's determination in class action lawsuits is abuse of discretion. *Rimmer v. CitiFinancial,* 2020-Ohio-99, ¶ 30 (8th Dist.).

{¶ 10} "The appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket." *Washington v. Spitzer Mgmt.*, 2003-Ohio-1735, ¶ 9 (8th Dist.), citing *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 70 (1998). "An abuse of discretion . . . implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." *Jacobson v. Gross*, 2022-Ohio-3427, ¶ 66 (8th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} "'A trial court which routinely handles case-management problems is in the best position to analyze the difficulties, which can be anticipated in litigation of class actions. It is at the trial level that decisions as to class definition and the scope of questions to be treated as class issues should be made.'" *Rimmer v.*

*CitiFinancial Inc.,* 2020-Ohio-99, ¶ 30 (8th Dist.), quoting *Marks v. C.P. Chem. Co.,* 31 Ohio St.3d 200, 201 (1987).

{¶ 12} The trial court's discretion must be "bound by and exercised within" the requirements of Civ.R. 23. *Washington* at ¶ 9. In doing so, the trial court must carefully apply the class action requirements and complete a vigorous analysis to ensure Civ.R. 23's prerequisites are met. *Id*, citing *Holznagel v. Charter One Bank,* 2000 Ohio App. LEXIS 5877 (8th Dist. Dec. 14, 2000), citing *Hamilton*. Before a court may certify a case as a class action pursuant to Civ.R. 23, seven requirements must be satisfied: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied. *Id.*, citing Civ.R. 23(A)-(B) and *Warner v. Waste Mgt., Inc.*, 36 Ohio St. 3d 91, 96-98 (1988). Civ.R. 23(B) provides that a class action may be maintained if:

> (1) [p]rosecuting separate actions by or against individual class members would create a risk of:
>
> > (a) Inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> >
> > (b) Adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of

the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; or

(2) The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) The court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

 (a) The class members' interests in individually controlling the prosecution or defense of separate actions;

 (b) The extent and nature of any litigation concerning the controversy already begun by or against class members;

 (c) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

 (d) The likely difficulties in managing a class action.

Prior to granting a motion for class certification, the trial court must first determine whether the plaintiff proved each of the requirements in Civ.R. 23 by a preponderance of the evidence.

**Overly Broad and Unascertainable**

{¶ 13} In its first assignment of error, Farmers argues that the proposed class is overly broad and unascertainable to permit certification. We sustain Farmers' first assignment of error in part with respect to the class definition including insureds who suffered a partial loss and remand for limited purpose to limit class total-loss claims.

{¶ 14} A class is defined too broadly to permit certification when the class includes a great number of members who, for some reason, could not have been harmed by the defendant's allegedly unlawful conduct. *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 2013-Ohio-3019, ¶ 53, quoting *Messner v. Northshore*, 669 F.3d 802, 824 (7th Cir. 2012). Therefore, the class definition of an "identifiable class" must be sufficiently definite so that it is administratively workable for the trial court to decide whether a particular person is a member. *Gattozzi v. Sheehan*, 2016-Ohio-5230, ¶ 26 (8th Dist.), quoting *Hamilton*, 82 Ohio St.3d at 71-72. So, "'the class definition must be precise enough "to permit identification within a reasonable effort."'" *Id.*, citing *id.* at 72, quoting *Warner,* 36 Ohio St. 3d at 96. The class must be defined sufficiently so it is administratively feasible for the trial court to determine whether a particular person is a member. *Maestle v. Best Buy Co.,* 2011-Ohio-5833, ¶ 17 (8th Dist.), citing *Hamilton* at 71-72. "A class certification does not need to identify specific members; rather, it must provide 'a means to identify such persons . . . .'" *Konarzewski v. Ganley, Inc.*, 2009-Ohio-5827, ¶ 19 (8th Dist.), quoting *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho*, 52 Ohio St. 3d 56, 63 (1990). Conversely, if the class includes a substantial amount of individuals who have no claim under the theory proposed by the plaintiff, then the class is not sufficiently definite. *Jacobs v. FirstMerit Corp.*, 2013-Ohio-4308, ¶ 27 (11th Dist.), citing *Miller v. Painters Supply & Equip. Co.*, 2011-Ohio-3976, ¶ 24 (8th Dist.).

{¶ 15} Here the class has been defined as

[a]ll Ohio insureds, under a policy issued by defendant Farmers Insurance of Columbus, Inc., covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who, within two years prior to the filing of this lawsuit through the date of the certification order, submitted a first-party property damage claim determined by Farmers to constitute a covered loss claim and where the loss claim payment did not include the full amount of state and local sales tax calculated on the vehicle's value.

(Motion for Class Certification, 03/24/23.)

{¶ 16} Farmers argues that the Class includes numerous uninjured policyholders. Specifically, Farmers asserts that its policy is only required to pay sales tax for a vehicle that is a total loss "where required by law." Farmer's policy provides in pertinent part: "**We** will pay the loss in money, or repair or replace the damaged or stolen property . . . If **we** pay for loss in money, **our** payment will include, where required by law, the applicable sales tax and fees for the damaged or stolen property." (Emphasis in original.) Farmers also asserts that due to the numerous exemptions to when sales tax is charged in Ohio, a claim-by-claim review of the documentation and information provided by the insured, as well as material information extrinsic to the Farmers' claim file, must be conducted. Farmers contends that the Class is also overbroad because it is not limited to total loss vehicles and includes, on its face, vehicle repair claims. Finally, Farmers claims that if consideration is given to Ohio Adm.Code 3901-1-54(H)(7)(f), then Farmers is only required to pay sales taxes to those policyholders who satisfy two conditions: timely purchase of a replacement vehicle and timely submission of substantiating

documentation.[1]  Consequently, Farmers claims that because Chambers failed to narrow the Class for these considerations, the trial court abused its discretion in granting class certification.

{¶ 17} Chambers rejects Farmers' assertion that the class definition is overly broad and unascertainable.  Chambers counters that he has identified the objective factors to identify the class:  whether a person was insured by Farmers; whether they submitted a claim; whether Farmers determined the claim was a covered total-loss claim; and whether the claim payment included sales tax.  Chambers argues that even if Farmers' concerns are considered, they are inadequate to support a claim that the trial court abused its discretion.  To support his response, Chambers points to other similar certified-class definitions that were upheld in *Angell v. GEICO Advantage Ins. Co.*, 573 F.Supp.3d 1151 (S.D.Tex. 2021), and *Buffington v. Progressive Advanced Ins. Co.*, 342 F.R.D. 66 (S.D.N.Y. 2002).

{¶ 18} Based on our review of the record, we note that Chambers acknowledged that those individuals whose losses were for repairs are not part of the Class.  Chambers states that "the entire case has been litigated and briefed under the assumption that the class definition only includes total loss, not partial losses."  Chambers therefore admits that he "inadvertently failed to include the modifier 'total loss' as part of the 'covered [total-loss] claim' limitation."  He asserts that this "technical issue can easily be cleared up upon remand."  While we agree that the trial

---

[1]  Ohio Adm.Code 3901-1-54(H)(7)(f) provides that an insurer who elects to pay actual cash value shall pay sales tax if the insured buys a replacement vehicle within 30 days of receipt of the cash settlement.

court can amend the class definition upon remand, we cannot affirm it as written. We therefore sustain Farmers' first assignment of error with respect to this limited issue. Upon remand, the trial court should modify the class definition to limit the Class to insureds who Farmers' determined have had a total-loss claim.

{¶ 19} With respect to Farmers' arguments that the Class as defined is overbroad because the State of Ohio does not always collect sales tax on vehicles, for example, when someone acquires a vehicle during a divorce or purchased it out of state, and its argument regarding the application of the administrative code, we disagree that these factors make the class overbroad or unascertainable. These arguments go to the merits of Chambers' claim, and courts do not generally consider the merits of a claim at the class-certification stage. *See* Stammco, 2013-Ohio-3019, at ¶ 42-44 (a court may probe the merits of a claim only to the extent of determining whether the plaintiff has satisfied the prerequisites of Civ.R. 23). Here, the class definition as certified does refer to Farmers' nonpayment of taxes, but it does not turn on whether a putative class member acquired a vehicle without paying sales tax or purchased a replacement vehicle and sought reimbursement for sales tax.

{¶ 20} We conclude that Farmers has not established that the Class includes a substantial amount of individuals without a claim under the theory proposed by Chambers. Recognizing similar classes have been certified, we find the trial court was within its discretion in certifying this class definition. However, we sustain Farmers' first assignment of error in part with respect to the class definition including insureds who suffered a partial loss. Upon remand, the trial court should

modify the Class to limit it to insureds who suffered a total loss. Accordingly, Farmers' first assignment of error is sustained in part and overruled in part.

**Adequacy**

{¶ 21} In its second assignment of error, Farmers claims the trial court erred in granting Chambers' motion for class certification because Chambers failed to satisfy the adequacy prerequisite in Civ.R. 23(A)(4). We find this claim lacks merit.

{¶ 22} A class representative authorization under Civ.R. 23(A)(4) can only be made upon a demonstration that the representative will "fairly and adequately" protect the interests of the class. *Westgate Ford Truck Sales, Inc. v. Ford Motor Co.*, 2007-Ohio-4013, ¶ 60 (8th Dist.). "Implicit in the concept of adequate representation of a class is the idea that those being represented possess similar claims constituting a cohesive class and the representative is a member of this class." *Id.*; *Hansberry v. Lee*, 311 U.S. 32, 40-46 (1940).

{¶ 23} Adequacy questions in class actions assess both the class representative and counsel. *Id.* at 61, citing *Vinci v. American Can Co.*, 9 Ohio St.3d 98, 101 (1984). The Ohio Supreme Court has viewed questions of adequacy as being a "serious discrepancy between the position of the representative and that of the class . . . ." *Baughman v. State Farm Mut. Auto. Ins. Co.,* 88 Ohio St.3d 480, 487 (2000). "Moreover, any doubts about adequate representation, potential conflicts, or class affiliation should be resolved in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing

circumstances demand, including the augmentation or substitution of representative parties." *Id*. at 61, citing *Baughman* at *id*.

{¶ 24} Here, Farmers claims Chambers' criminal record deems him inadequate as a class representative. Farmers argues that his record renders him unfit to perform the fiduciary role of a named plaintiff. Farmers asserts that the trial court's limited review for merely conflicts of interest between Chambers and the putative class is erroneous. Farmers also question the adequacy of Chambers' counsel.

{¶ 25} Farmers' claim that the trial court abused its discretion in finding this requirement satisfied is without merit. Given the nature of this action against Farmers, i.e., whether the Farmers properly paid sales taxes as required by its policies, Chambers' criminal background appears to be irrelevant. More than likely, the issue of payment of state taxes by Farmers will be resolved by Farmers' records and interpretation of its policies. Given the limited issue in this case, the trial court did not abuse its discretion by focusing on potential conflicts between Chambers and the class as opposed to Chambers' criminal record.

{¶ 26} Additionally, the trial court determined that Chambers' counsel was adequate based on counsel's experience with both class action cases and complex litigation. The trial court also had an opportunity to observe counsel's performance in advancing this case. We therefore conclude that Farmers' suggestion that the class certification should be denied because Chambers and his counsel are inadequate to represent the class due to Chambers' criminal record and counsel's

lack of experience is without merit.  As previously stated, inadequate representation and/or counsel should result only in their respective replacement, leaving the class upheld.  Accordingly, Farmers' second assignment of error is overruled.

**Typicality**

{¶ 27} In its third assignment of error, Farmers claims that the trial court erred in granting class certification because Chambers failed to satisfy the typicality prerequisite under Civ.R. 23(A)(3).  We find this challenge lacks merit.

{¶ 28} "'The requirement for typicality is met where there is no express conflict between the class representatives and the class.  Similarly, a representative is deemed adequate so long as his or her interest is not antagonistic to that of other class members.'" *Cantlin v. Smythe Cramer Co.*, 2018-Ohio-4607, ¶ 27 (8th Dist.), quoting *Hamilton*, 82 Ohio St.3d at 77-78.  In essence, a finding of typicality means the "'"plaintiff's claims are typical in common-sense terms of the class, thus suggesting the incentives of the plaintiff are aligned with those of the class."'" *Berdysz v. Boyas Excavating, Inc.*, 2017-Ohio-530, ¶ 38 (8th Dist.), quoting *Musial Offices, Ltd. v. Cty. of Cuyahoga*, 2014-Ohio-602, ¶ 24 (8th Dist.), quoting *Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994).

{¶ 29} Moreover, unless a unique defense is so "'"central to the litigation that it threatens to preoccupy the class representative to the detriment of the other class members, it will not destroy typicality or adequacy of representation."'" *Cantlin* at ¶ 27, quoting *Hamilton* at 78, quoting 5 Moore, Federal Practice, 23-126, Section 23.25(4)(b)(iv) and 23-98, Section 23.24(6) (3d Ed.1997).  Indeed, "'[d]efenses may

affect the individual's ultimate right to recover, but they do not affect the presentation of the case on the liability issues for the plaintiff class.'" *Id.* at 29, quoting *Baughman,* 88 Ohio St. 3d at 486.

{¶ 30} Farmers alleges that typicality cannot be satisfied because Chambers failed to mitigate his claim. However, the trial court recognized that typicality does not require exact claims or defenses. (Trial Court Certification Order, 01/23/24). The trial court found that typicality exists because Chambers and the putative class were insured by Farmers with policies including exact material terms and all suffered the loss of sales tax. The trial court, as stated in *Baughman,* maintained its focus upon the essential conforming characteristics of Farmers' actions and the claims arising therefrom. Accordingly, the trial court did not abuse its discretion in finding the typicality requirement was satisfied and Farmers' third assignment of error is overruled.

**Commonality**

{¶ 31} In its fourth assignment of error, Farmers alleges that the trial court erred in granting certification because Chambers failed to satisfy the commonality prerequisite under Civ.R. 23(A)(2). This allegation is without merit.

{¶ 32} Civ.R. 23(A)(2) requires questions of law or fact to be common to the class. "'Commonality requires "a common nucleus of operative facts."'" *Goree v. Northland Auto Enters.*, 2020-Ohio-3457, ¶ 53 (8th Dist.), quoting *Binder v. Cuyahoga Cty.*, 2019-Ohio-1236, ¶ 115 (8th Dist.), quoting *Warner*, 36 Ohio St.3d at 97. Commonality exists where a common factual question is common to the

applicable cause of action. *Id.*, citing *Binder* at ¶ 115, quoting *Berdysz,* 2017-Ohio-530, at ¶ 29, and *Grant v. Becton Dickinson & Co.*, 2003-Ohio-2826, ¶ 36 (10th Dist.). Commonality is often satisfied without much difficulty for the parties and very little exertion of time by the judge. *Id.*, citing *Binder* at ¶ 115.

{¶ 33} Here, the trial court conducted its review of this requirement. Among other things, the trial court recognized that commonality does not require all of the factual questions and legal issues to apply to all of the parties. (Trial Court Certification Order, 01/23/24). The trial court found that Chambers demonstrated two questions of law regarding Farmers: 1) whether Farmers' policy requires sales tax payment, and 2) whether that payment can be conditional. These questions of law will require interpretation of the policy and provide a common answer.

{¶ 34} Farmers claims the issue whether local and state taxes is owed cannot be determined on a class-wide basis. Farmers cites *Allen-Wright v. Allstate Ins. Co.*, 2008 WL 5336701 (E.D. Pa. Dec. 17, 2008), to support its challenge. However, the claim in *Allen-Wright* is clearly distinguishable because the issue of damages required individualized assessments due to the nature of the damages sought. There, the determination required individualized consideration of which person would be entitled to 20 to 25 percent of general contractor's overhead and profit but were limited to 5 percent overhead and profit. The determination here, whether sales tax should be included in claim payments made by Farmers, does not involve an individualized assessment.

{¶ 35} Farmers criticizes the trial court's one-sentence determination. But, as stated in *Goree*, the judge does not need to expend much time on this requirement. Accordingly, Farmers' claim that the trial court abused its discretion in finding commonality of the putative class is rejected and its fourth assignment of error is overruled. *Goree*, 2020-Ohio-3457 (8th Dist.).

**Numerosity**

{¶ 36} In its fifth assignment of error, Farmers alleges the trial court erred in granting Chambers' motion for class certification because he failed to satisfy the numerosity prerequisite under Civ.R. 23(A)(1).

{¶ 37} Satisfaction of the numerosity requirement is determined on a case-by-case basis. *Berdysz,* 2017-Ohio-530 at ¶ 26, citing *Warner*, 36 Ohio St. 3d at 97. No specific number has been declared to satisfy the numerosity requirement but, notably, a class with over 40 persons is usually acceptable. *Id., citing id.*

{¶ 38} However, Farmers failed to raise this issue with the trial court. Such failure results in waiver of the issue. *State ex rel. Zollner v. Indus. Comm. of Ohio*, 66 Ohio St.3d 276, 278 (1993). Therefore, this court chooses not to address it and affirms the trial court's numerosity determination.

**Predominance**

{¶ 39} In its sixth assignment of error, Farmers alleges that the trial court erred in granting Chambers' motion for class certification because he failed to establish that common issues predominate as required under Civ.R. 23(B)(3). We find that the trial court did not err.

{¶ 40} For class certification pursuant to Civ.R. 23(B)(3), the trial court must make two findings: (1) "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." This determination requires the trial court to weigh questions common with class members against any dissimilarities between them. If the trial court determines common questions predominate, then it should ""consider whether any alternative methods exist for resolving the controversy and whether the class action method is in fact superior."" *State ex rel. Huttman v. Parma*, 2016-Ohio-5624, ¶ 29 (8th Dist.), quoting *Cullen v. State Farm Mut. Auto. Ins. Co.*, 2013-Ohio-4733, ¶ 29, quoting *Ealy v. Pinkerton Govt. Servs.*, 514 Fed. Appx. 299 (4th Cir.2013).

{¶ 41} "'For common questions of law or fact to predominate, it is not sufficient that such questions merely exist; rather, they must represent a significant aspect of the case. Furthermore, they must be capable of resolution for all members in a single adjudication.'" *Id.* at ¶ 30, quoting *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 204 (1987). So, in deciding a class certification motion, a trial court must consider what the plaintiffs must prove at trial and whether common proof can demonstrate those matters. *Id.*; *Cullen* at ¶ 17.

{¶ 42} In *State ex rel. Huttman*, this court held that the trial court abused its discretion by granting class certification. We found that, because of the widely varying conditions of a city's sanitary sewer problems, liability could not be

determined in common but, instead, appeared to require a house-by-house examination. *Id.* at ¶ 33. Consequently, we concluded that the limited facts presented failed to establish predominance of common questions of law or fact. *Id.*

{¶ 43} On the other hand, in *Musial Offices, Ltd. v. Cuyahoga Cty.,* 2014-Ohio-602, this court held that the trial court erred in finding a lack of predominance and denying plaintiff's motion for class certification in a suit to recoup overpaid property taxes from a county. We found that "common legal issues relating to the county's liability to the class members predominated, even though individualized inquiry was required to determine damages." *Id.* at ¶ 33-35. We explained that the inquiry into whether common questions predominate over individual questions is a separate inquiry, distinct from the Civ.R. 23(A)(2) requirements. *Id.* at ¶ 32, citing *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 388 (2011). "This balancing test of common and individual issues is qualitative, not quantitative." *Id.,* citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996). Thus, only a single issue in common is needed by all members of the class and the "'fact that questions peculiar to each individual member of the class member remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible.'" *Id.,* quoting *Sterling v. Velsicol Chem. Corp.,* 855 F.2d 1188, 1197 (6th Cir. 1988). "Where common issues predominate, the class members 'will prevail or fail in unison.'" *Id.,* quoting *Amgen Inc. v. Conn. Ret. Plans & Trust Funds,* 133 S.Ct. 1184, 1196 (2013).

{¶ 44} Here, Farmers argues individualized review of each member is required to determine whether sales tax was paid because its audit report is unreliable. Additionally, Farmers argues under its interpretation of the policy, additional individualized, fact-intensive inquiry is required. Chambers counters that he is not required to establish an exact number of class members, only that the number is sufficient to make joinder impractical.

{¶ 45} Here, the trial court found predominance was met because the common legal and factual issues were more substantial than the individual damages expressed by Farmers. Indeed, all members of the putative class will prevail or fail based upon the interpretation of the policy. This unison impact satisfies the predominance prerequisite. Therefore, the trial court did not abuse its discretion in so finding and Farmers' sixth assignment of error is overruled.

**Superiority**

{¶ 46} Lastly, in its seventh assignment of error, Farmers argues that the trial court erred in granting Chambers' motion for classification because he failed to establish a class action is a superior method of resolution of this matter as required under Civ.R.23(B)(3). We find the trial court did not err.

{¶ 47} Whether a class action is the superior method of adjudication requires a comparative evaluation of alternative procedures to decide if the court's time and energy would justify a class action. *Berdysz,* 2017-Ohio-530, at ¶ 34, citing *State ex rel. Davis v. Pub. Emps. Retirement Bd.,* 2006-Ohio-5339, ¶ 28. Class action necessity is an appropriate consideration for the trial court. *Id.*, citing *id.* at ¶ 32-33.

"'The "need" for class action treatment . . . may be considered a vital, if not determinative, consideration as need inevitably relates to the problems of superiority, fairness, and efficiency.'" *Id.*, quoting *id.* at ¶ 32, quoting *Wilcox v. Commerce Bank of Kansas City*, 474 F.2d 336, 346 (10th Cir. 1973). The Ohio Supreme Court found that "a trial court does not abuse its discretion by considering the 'need, or whether plaintiffs' action would accomplish the same result without the additional burden and expense of a class action,' in determining whether class certification is warranted." *San Allen, Inc. v. Buehler*, 2011-Ohio-1676, ¶ 17, quoting *State ex rel. Davis* at ¶ 33.

{¶ 48} Farmers claims that class action is not the superior means for adjudication in this case because individualized adjudication of liability is required. Chambers rejects this claim, arguing that Farmers does not address the superiority requirement. Among other things, the trial court found class action is superior because of the small potential recovery for each member and the manageability of this action. These considerations are sufficient to justify the court's time and energy to adjudicate this case. Therefore, Farmers contention is without merit and its final assignment of error is overruled.

{¶ 49} Consequently, the trial court did not abuse its discretion in granting Chambers' motion for class certification. However, we reverse the trial court's judgment in part for the limited purpose of modifying the class definition to limit it to insureds who suffered a total-loss claim.

{¶ 50} Accordingly, the trial court's decision is affirmed in part, reversed in part, and remanded.

It is ordered that appellant and appellee share costs herein taxed.

The court found there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
ANITA LASTER MAYS, J., CONCUR